UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHD FARIK BIN AMIN,
    Petitioner,

v.

DONALD J. TRUMP,
    President of the United States, *et al.*,
    Respondents.

Civil Action No. 11-923 (CKK)

**ORDER**
(May 9, 2025)

    Petitioner Mohd Farik Bin Amin filed a Petition for Wit of Habeas Corpus in 2011 seeking release from detention at United States Naval Station Guantanamo Bay in Cuba. Pet., ECF No. 1. In December 2024, Respondents notified the Court that the United States had "transferred [Mr. Bin Amin] to the custody and control of the Government of Malaysia." Notice, ECF No. 84. In response, the Court ordered the parties to file a status report stating their positions on whether Mr. Bin Amin's transfer mooted the Petition and required dismissal. *See* Min. Order (Dec. 23, 2024).

    Initially, the parties did not agree. Mr. Bin Amin asserted that he was "still under US custodial control" in Malaysia and requested a continuance because the "terms of detention [were] in dispute." Joint Status Report, ECF No. 85 at 1. Respondents contended that Mr. Bin Amin's "transfer to Malaysia renders this case moot" but did not oppose Mr. Bin Amin's request for a continuance. *Id.* at 1–2. Accordingly, the Court extended the stay in this matter for an additional 120 days and ordered the parties to file another status report. Min. Order (Jan. 13, 2025).

    The parties have now filed a status report in response to that order. *See* Joint Status Report, ECF No. 86. Therein, the parties jointly state that Mr. Bin Amin's "transfer to Malaysia renders this case moot, and therefore the case should be dismissed without prejudice." *Id.*

1

That statement comes to the Court as a Joint Status Report. But it is, in effect, a stipulation of voluntary dismissal signed by all parties. *See* Fed. R. Civ. P. 41(a), 81(a)(4). Alternatively, the Court accepts the parties' joint agreement that the Petition is now moot under relevant law. *See Gul v. Obama*, 652 F.3d 12, 16–22 (D.C. Cir. 2011). Mootness deprives the Court of subject-matter jurisdiction. *Iron Arrow Honor Soc'y v. Heckler*, 464 U.S. 67, 70 (1983). And lacking subject-matter jurisdiction, the Court may dismiss the action *sua sponte*. Fed. R. Civ. P. 12(h)(3).

Accordingly, the Court hereby:

**ORDERS** that this matter is **DISMISSED** without prejudice; and further

**ORDERS** that any pending deadlines in this matter are **VACATED**.

**SO ORDERED.**

*The Clerk of Court is respectfully directed to close this case.*

**DATED:** May 9, 2025.

_____<br>
COLLEEN KOLLAR-KOTELLY<br>
United States District Judge